# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| KENDALL LINK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:10-cv-0236 |
| ) | Judge Echols |
| SUMNER COUNTY JAIL, et al, ) | |
| ) | |
| Defendants. ) | |

## **M E M O R A N D U M**

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Sumner County Jail in Gallatin, Tennessee. He brings this action under 42 U.S.C. § 1983 against the following defendants: (1) the Sumner County Jail; (2) Corrections Officer Stephen Thompson; (3) Corrections Officer Kevin Weatherby; and (4) Bob Barker, Sheriff of Sumner County. The plaintiff seeks compensatory and punitive damages. The plaintiff's claims arise from an injury to his wrist that he received on September 12, 2009, as a result of being shoved during a scuffle between defendants Thompson and Weatherby, who were escorting the plaintiff within the Sumner County Jail at the time of their altercation with one another.

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

1

A review of the Court records shows that the plaintiff previously brought an action against Corrections Officers Thompson and Weatherby for their conduct on September 12, 2009, resulting in the plaintiff's wrist injury. The plaintiff additionally brought claims against the Sumner County Jail and the Sheriff of Sumner County, Bob Barker. In that case, *Kendall Link v. Sumner County Jail, et al.*, No. 3:09-1038 (Trauger, J.), the Court dismissed all claims against all defendants as frivolous. (Docket Entry Nos. 3 and 4, Mem. Op. at pp. 2-3).

In the instant case, the plaintiff alleges that his wrist was injured on September 12, 2009, as a result of being shoved during an altercation between Correctional Officers Thompson and Weatherby, who were escorting the plaintiff within the Sumner County Jail at the time. He alleges that Correctional Officers Thompson and Weatherby's conduct breached jail security and constituted cruel and unusual punishment, for which the plaintiff should recover millions of dollars in compensatory and punitive damages. The plaintiff further alleges that he did not receive appropriate medical attention for his wrist injury while incarcerated at the Sumner County Jail.

The broad doctrine of *res judicata* encompasses both claim preclusion (*res judicata*) and issue preclusion (collateral estoppel). *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996). Under claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated, as well as every theory of recovery that could have been presented. *Id*. Under issue preclusion, once an issue actually is determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action when used against any party to the prior litigation. *Montana v. United States*, 440 U.S. 147, 152-54 (1979). Dismissal with prejudice is considered a final judgment on the merits for purposes of *res judicata*. *See Haddad v. Mich. Nat'l*

2

*Corp.*, 34 Fed. Appx. 217, 218 (6th Cir. 2002)(citing *Matter of W. Tex. Mktg. Corp.*, 12 F.3d 487, 501 (5th Cir. 1994)).

After reviewing the plaintiff's instant complaint, it appears that the plaintiff has simply restated the same or similar allegations against four of the same defendants stemming from the altercation between Correctional Officers Thompson and Weatherby on September 12, 2009, during which the plaintiff sustained his wrist injury. The Court has already rendered a final decision on the merits regarding these claims. As a result, the instant claims are barred by the doctrine of *res judicata*. Additionally, all theories of recovery related to the September 12, 2009, incident that could have been presented to the Court in the plaintiff's prior lawsuit against these same defendants are barred by the doctrine of *res judicata*.

Because the plaintiff's claims are barred by the doctrine of *res judicata*, the Court finds that the plaintiff's complaint fails to state a claim upon which relief can be granted.

An appropriate Order will be entered.

_____
Robert L. Echols
United States District Judge